1  JOHN L. BURRIS, Esq., SBN 69888
   ADANTE D. POINTER, Esq., SBN 236229
2  **LAW OFFICES OF JOHN L. BURRIS**
3  Airport Corporate Center
   7677 Oakport St., Suite 1120
4  Oakland, CA 94621
   Telephone:  (510) 839-5200
5  Facsimile:  (510) 839-3882
   John.Burris@johnburrislaw.com
6  Adante.Pointer@johnburrislaw.com
7
   Attorneys for Plaintiffs
8  LORIANNE DAVIS, et al.

9              **UNITED STATES DISTRICT COURT**

10         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11  LORIANNE DAVIS AND RAHEIM )  Case No.
    BROWN SR., individually and as personal )  **C11-05675**
    representatives of the ESTATE OF RAHEIM )
13  BROWN JR.; ESTATE OF RAHEIM )
    BROWN JR., and N.F.H. a minor, by and )  COMPLAINT FOR WRONGFUL
14  through her guardian ad litem FLORDELIZA )  DEATH AND VIOLATION OF CIVIL
    HARRELL )  RIGHTS AND DAMAGES
15                                         )  (42 U.S.C §§ 1983; and pendant tort
                                           )  claims)
16              Plaintiffs, )
       v.                                  )
17                                         )  **JURY TRIAL DEMANDED**
    CITY OF OAKLAND, a municipal )
18  corporation; OAKLAND UNIFIED SCHOOL )
    DISTRICT; PETER C. SARNA in his official )
19  capacity as CHIEF of POLICE for )
    OAKLAND UNIFIED SCHOOL DISTRICT; )
20  SERGEANT BARHIN BHATT individually )
    and in his official capacity as a Police Officer )
21  for OAKLAND UNIFIED SCHOOL )
    DISTRICT; SERGEANT JONATHAN )
22  BELLUSA individually and in his official )
    capacity as a Police Officer for OAKLAND )
23  UNIFIED SCHOOL DISTRICT; DOES 1-50, )
    inclusive; individually and in their official )
24  capacities as POLICE OFFICERS for )
25  OAKLAND UNIFIED SCHOOL DISTRICT )
26
27              Defendants.
28

COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES        1

1

2
INTRODUCTION

1.  This case arises out of the wrongful death of RAHEIM BROWN JR. at the
hands of two Oakland Unified School District Police Officers during the night of
January 22, 2011.

JURISDICTION

2.  This action arises under Title 42 of the United States Code, Section 1983.
Title 42 of the United States Code, Section 1331 and 1343 confers jurisdiction
upon this Court.  The unlawful acts and practices alleged herein occurred in the
City of Oakland, County of Alameda, California, which is within this judicial
district.

PARTIES

3.  RAHEIM BROWN, JR., an African American male, was shot and killed by
Defendant City of Oakland School District Police Officers, Sergeant BARHIN
BHATT and Sergeant JONATHAN BELLUSA. RAHEIM BROWN, JR., was not
married at the time of his death and died without leaving a will.

4.  At all times mentioned herein, Plaintiffs herein LORIANNE DAVIS and
RAHEIM BROWN SR. are competent adults, residents of OAKLAND, California
and United States Citizens.  Plaintiffs are the surviving parents of decedent,
RAHEIM BROWN JR.

5.  At all times mentioned herein, Plaintiff, N.F.H. by and through her
guardian ad litem FLORDELIZA HARRELL, is and was a resident of the State of
California, County of San Mateo, and is the surviving daughter of decedent
RAHEIM BROWN, JR. and has legal standing to maintain an action for wrongful

1  death based upon the death of her father, and is entitled to maintain causes of
2  action which survive the death of RAHEIM BROWN, JR.
3
4      6. Defendant CITY OF OAKLAND ("hereinafter Defendant") is, and at all
5  times herein mentioned, a municipal entity duly organized and existing under the
6  laws of the State of California.
7
8      7. At all times mentioned herein, PETER C. SERNA, Chief of the
9  OAKLAND SCHOOL DISTRICT POLICE DEPARTMENT ("hereinafter
   Defendant"), is sued in his official capacity.
10
11     8. At all times mentioned herein, BARHIN BHATT, Sergeant of OAKLAND
12 UNIFIED SCHOOL DISTRICT POLICE DEPARTMENT ("hereinafter
   Defendant"), is sued in his individual and official capacity.
13
14     9. At all times mentioned herein, JONATHAN BELLUSA, Sergeant of
15 OAKLAND UNIFIED SCHOOL DISTRICT POLICE DEPARTMENT
16 ("hereinafter Defendant"), is sued in his individual and official capacity.
17     10. Plaintiffs are ignorant of the true names and/or capacities of defendants
18 sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants
19 by such fictitious names. Plaintiffs will amend this complaint to allege their true
20 names and capacities when ascertained. Plaintiffs believe and allege that each of
21 the DOE defendants is legally responsible and liable for the incident, injuries and
22 damages hereinafter set forth. Each defendant proximately caused injuries and
23 damages because of their negligence, breach of duty, negligent supervision,
24 management or control, violation of public policy, and false arrests. Each
25 defendant is liable for his/her personal conduct, vicarious or imputed negligence,
26 fault, or breach of duty, whether severally or jointly, or whether based upon
27 agency, employment, ownership, entrustment, custody, care or control or upon
28

1   any other act or omission.  Plaintiffs will ask leave to amend this

2   complaint subject to further discovery.

3

4       11. In doing the acts alleged herein, Defendants, and each of them acted

5   within the course and scope of their employment.

6       12. In doing the acts and/or omissions alleged herein, Defendants, and each of

7   them, acted under color of authority and/or under color of law.

8

9       13. Due to the acts and/or omissions alleged herein, Defendants, and each of

10  them, acted as the agent, servant, and employee and/or in concert with each of

    said other Defendants herein.

11

12      14. For State causes of action related to Federal claims, Plaintiffs are required

13  to comply with an administrative claim requirement under California law.

14  Plaintiffs have complied with all applicable requirements.

15

16                                   **FACTS**

17  15.     On January 22, 2010 at around 9:00 p.m., twenty-year-old RAHEIM

18  BROWN, JR. and a female acquaintance were sitting in a late model Honda

19  Accord that was parked with its hazard lights on in the 3300 block of Joaquin

20  Miller Drive in Oakland, California when they were observed by Sergeant

21  BARHIN BHATT and Sergeant JONATHAN  BELLUSA of the Oakland School

22  District Police Department. The Officers were on a routine patrol of the area in

23  their patrol car. Upon observing the Honda, Sergeant BHATT activated the patrol

24  car's lights and pulled in behind the Honda.

25

26

27

28

COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES        4

16.    RAHEIM BROWN JR. was sitting in the front right side passenger seat of the car and his female acquaintance was sitting in the driver's seat when Sergeant Bhatt approached the driver's side window.   As Sergeant BHATT engaged the driver in conversation, Sergeant BELLUSA crept upon the passenger side door where RAHEIM BROWN JR. was sitting, and immediately opened the door and suprised RAHEIM BROWN JR. by roughly grabbing him about his shirt collar.

17.    BELLUSA sought to wrest RAHEIM BROWN JR. from the passenger side of the Honda. As the struggle ensued between BELLUSA and RAHEIM BROWN JR., Sergeant BHATT inexplicably pulled his 9mm pistol and unjustifiably fired eight shots into the vehicle from the driver's side window of the Honda. Six bullets fired at point blank range struck RAHEIM BROWN JR. in the head and upper-torso area, riddling his body with bullets.

18.    When paramedics arrived, RAHEIM BROWN JR. was in shock, gasping for air. He took his last breaths as paramedics tried to administer oxygen to him. Measures to resuscitate Brown Jr. failed, and he died at the scene of the shooting.   When homicide investigators arrived on the scene, twenty-year-old decedent, Raheim Brown, Jr. was sitting in the passenger seat of the car, his weaponless hands lying empty in his lap.

19.    Plaintiffs are informed and believe and thereon allege that OAKLAND UNIFIED SCHOOL DISTRICT POLICE DEPARTMENT, OAKLAND UNIFIED SCHOOL DISTRICT POLICE CHIEF PETER C. SERNA, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to

discipline defendants BARHIN BHATT, JONATHAN BELLUSA and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein.

20.    Their failure to discipline defendants BARHIN BHATT, JONATHAN BELLUSA and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up defendants' BARHIN BHATT, JONATHAN BELLUSA and DOES 1-25's inclusive, misconduct.

21.    Plaintiffs are informed and believe and thereon allege that members of the Oakland Police Department, including, but not limited to, defendants BARHIN BHATT, JONATHAN BELLUSA, and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of making improper detentions and/or false arrests and using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to decedent, Raheim Brown Jr.

22.     Plaintiffs are further informed and believe and thereon allege that as a matter of official policy rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the City of Oakland defendant OAKLAND UNIFIED SCHOOL DISTRICT POLICE DEPARTMENT has long allowed its CITIZENS, such as the decedent, to be abused by its police officers, including by BARHIN BHATT, JONATHAN BELLUSA and/or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

23.     As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of defendant OAKLAND UNIFIED SCHOOL DISTRICT POLICE DEPARTMENT, decedent and plaintiffs were subjected to the violation of their constitutional rights as alleged herein.

## DAMAGES

24.  As a consequence of Defendants violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourteenth Amendment, Plaintiffs LORIANNE DAVIS and RAHEIM BROWN SR. were mentally, and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiff's loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

25. Minor plaintiff, N.F.H., by and through her Guardian Ad Litem, FLORDELIZA HARRELL, is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

26. Plaintiff, ESTATE OF RAHEIM BROWN JR., by and through, LORIANNE DAVIS and RAHEIM BROWN SR., the personal representatives of RAHEIM BROWN JR.' estate, is entitled to recover wrongful death damages pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b).  Additionally, plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

27. Plaintiff, ESTATE OF RAHEIM BROWN JR. is entitled to recover damages by and through LORIANNE DAVIS and RAHEIM BROWN SR., the personal representatives of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

28. As a further direct and proximate result of defendants' intentional and/or negligent conduct, plaintiff N.F.H. has been deprived of decedent's support.

29. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiffs' rights under the law.  Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**
**Violation of Fourth Amendment of the United States Constitution**
**(42 U.S.C. §1983)**

30. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 29 of this complaint.

31. Defendants' above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES          8

## SECOND CAUSE OF ACTION
### (Deliberate Indifference to Decedent's Medical Needs)
### (42 U.S.C. §1983)

32. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint.

33. Decedent was entitled to receive necessary medical attention while in the care and custody of the Oakland Police Department. In doing the acts complained of, defendants, and each of them, acted under color of state law to deprive the decedent of urgently needed medical care in violation of his rights, under the Due Process Clause of the Fourteenth Amendment.

34. As a proximate result of defendants' conduct, plaintiffs suffered injuries and damages as set forth herein.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Conspiracy to Violate Decedent's Civil Rights)
### (42 U.S.C. §1985)

35. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

36. In doing the acts complained of herein, Defendants BARHIN BHATT, JONATHAN BELLUSA and DOES 1 – 25 and each of them acted in concert and conspired to violate decedent's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force

37. Defendants BARHIN BHATT, JONATHAN BELLUSA and DOES 1 – 25 and each of them had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the

1    Defendants attempted to prevent and/or stop the violation of the decedent's civil rights.

2          WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

3                          **FOURTH CAUSE OF ACTION**
4                             **(Wrongful Death)**
                              **(42 U.S.C. §1983)**
5          38.    Plaintiffs hereby re-allege and incorporate by reference paragraphs 1
6    through 37 of this Complaint.

7          39.    Defendants acted under color of law by shooting and killing decedent
8
9    without lawful justification and subjecting decedent to excessive force thereby depriving
10   Plaintiffs and the decedent of certain constitutionally protected rights, including, but not
11   limited to:

12         a. The right to be free from unreasonable searches and seizures, as guaranteed by
13
14            the Fourth and Fourteenth Amendments to the United States Constitution;
15         b. The right not to be deprived of life or liberty without due process of law, as
16            guaranteed by the Fifth and Fourteenth Amendments to the United States
17            Constitution;
18         c. The right to be free from the use of excessive force by police officers, which is
19            guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States
20            Constitution; and/or,
21
22         d. The right to be free from interference within the zone of privacy, as protected by
23            the Fourth and Ninth Amendments to the United States Constitution.

24                          **FIFTH CAUSE OF ACTION**

25      **(Violations of Plaintiffs' Civil Rights to Familial Relationship)**
26                          **(42 U.S.C. § 1983)**

27         40.    Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1

28

COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES          10

1    through 39 of this Complaint as though fully set forth;

2        41.     Defendants, acting under color of state law, and without due process of law,

3 deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of

4 unreasonable, unjustified and deadly force and violence, causing injuries which resulted in

5

6 decedent's death, all without provocation and did attempt to conceal their excessive use of

7 force and hide the true cause of decedent's demise to deprive Plaintiffs of their right to

8 seek redress, all in violation of rights, privileges, and immunities secured by the First,

9 Fourth, and Fourteenth Amendments to the United States Constitution.

10        WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

11

12 **SIXTH CAUSE OF ACTION**
**(Survival action: Violation of decedent's civil rights)**
**(42 U.S.C. §1983)**

13        42.     Plaintiffs hereby re-allege and incorporates by reference herein paragraphs 1

14 through 41 of this Complaint.

15

16        43.     RAHEIM BROWN JR. was forced to endure great conscious pain and

17 suffering because of the Defendants' conduct before his death;

18        44.     RAHEIM BROWN JR. did not file a legal action before his death;

19        45.     Plaintiffs LORIANNE DAVIS AND RAHEIM BROWN SR., as personal

20 representatives of the ESTATE OF RAHEIM BROWN JR. claim damages for the

21

22 conscious pain and suffering incurred by RAHEIM BROWN JR., as provided for under 42

23 U.S.C. §1983.

24        WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

25

26

27

28

**SEVENTH CAUSE OF ACTION**
**(Wrongful Death - Negligence)**
**(C.C.P. §377.60 and 377.61)**

46.     Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

47.     Defendants and DOES 1-50 inclusive, by and through their respective agents and employees, proximately caused the death of decedent RAHEIM BROWN JR., said plaintiff N.F.H.'s father, on January 23, 2011 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

48.     As an actual and proximate result of said defendants' negligence, and the death of decedent, plaintiff N.F.H. has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of her father, decedent, in an amount according to proof at trial.

49.     As a further actual and proximate result of said defendants' negligence, plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

50.     Pursuant to California C.C.P. Sections 377.60 and 377.61, plaintiffs have brought this action, and claim damages from said defendants for the wrongful death of decedent, and the resulting injuries.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**
**(Violation of Decedent's Right To Enjoy Civil Rights)**
**(Violation of CALIFORNIA CIVIL CODE §52.1)**

51.     Plaintiffs re-alleges and incorporates by reference paragraphs 1 through 50

1  of this complaint.

2      52.    Defendants' above-described conduct constituted interference, and

3  attempted interference, by threats, intimidation and coercion, with decedent's peaceable

4

5  exercise and enjoyment of rights secured by the Constitution and laws of the United States

6  and the State of California, in violation of California Civil Code §52.1.

7      WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

8                          **NINTH CAUSE OF ACTION**
                    **(Violation of Decedent's State Statutory Rights)**
9                    **(Violation of CALIFORNIA CIVIL CODE §51.7)**

10     53.    Plaintiff re-alleges and incorporates by reference herein paragraphs 1

11  through 51 of this complaint.

12

13     54.    Plaintiff is informed and believes and thereon alleges that the conduct of

14  Defendants BARHIN BHATT, JONATHAN BELLUSA and DOES 1 through 25,

15  inclusive, as described herein, was motivated by prejudice against RAHEIM BROWN JR.

16  Plaintiff is and was readily recognizable as African-American.   In engaging in such

17  conduct, Defendants violated decedent's rights under California Civil Code §51.7 to be

18  free from violence, or intimidation by threat of violence committed against him because of

19  his race.

20

21     55.    Under the provisions of California Civil Code §52(b), Defendants are liable

22  for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and

23  an additional $25,000.00.

24

25     56.    As a proximate result of Defendants' wrongful conduct, decedent suffered

26  damages as hereinafter set forth.

27     WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

28

COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES        13

1

2

3

### TENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

4

5

6     57.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 54 of

7   this complaint.

8     58.     Defendants' above-described conduct was extreme, unreasonable and

9   outrageous.

10     59.     In engaging in the above-described conduct, defendants intentionally

11   ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme

12   emotional distress as a result of defendants' conduct.

13

14     WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

15

### ELEVENTH CAUSE OF ACTION
### (Assault And Battery)

16

17     60.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 of

18   this complaint.

19     61.     Defendants' above-described conduct constituted assault and battery.

20     WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

21

### JURY DEMAND

22

23     62.     Plaintiffs hereby demand a jury trial in this action.

24

### PRAYER

25     WHEREFORE, plaintiffs pray for relief, as follows:

26     1. For general damages in a sum of $10,000,000.00 dollars;

27

28

COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES          14

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants Chief PETER C. SERNA, Sergeant BARHIN BHATT and Sergeant JONATHAN BELLUSA and/or DOES 1 through 25 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred;

LAW OFFICE OF JOHN BURRIS

Dated: November 23, 2011

John L. Burris, Esq.
Lorianne Davis, et al.