PETER P. EDRINGTON, Esq. (074355)  
JAMES M. MARZAN, Esq. (133931)  
EDRINGTON, SCHIRMER & MURPHY LLP  
2300 Contra Costa Boulevard, Suite 450  
Pleasant Hill, CA  94523-3936  
Telephone:  (925) 827-3300  
Facsimile:   (925) 827-3320  

G.C. §6103

Attorneys for Defendants OAKLAND UNIFIED SCHOOL DISTRICT, BARHIN BHATT and PETER C. SARNA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORIANNE DAVIS AND RAHEIM BROWN SR., individually and as personal representatives of the ESTATE OF RAHEIM BROWN JR.; ESTATE OF RAHEIM BROWN JR., AND N.F.H. a minor, by and through her guardian ad litem FLORDELIZA HARRELL,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; OAKLAND UNIFIED SCHOOL DISTRICT; PETER C. SARNA in his official capacity as CHIEF OF POLICE for OAKLAND UNIFIED SCHOOL DISTRICT; SERGEANT BARHIN BHATT, individually and in his official capacity as a Police Officer for OAKLAND UNIFIED SCHOOL DISTRICT; DOES 1 – 50, inclusive; individually and in their official capacities as POLICE OFFICERS for OAKLAND UNIFIEDK SCHOOL,<br><br>Defendants. | CASE NO.: C11-05675 DMR<br><br>**DEFENDANTS OAKLAND UNIFIED SCHOOL DISTRICT, BARHIN BHATT AND PETER SARNA'S ANSWER TO COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES**<br><br>**(JURY TRIAL DEMANDED)** |

**JURY TRIAL DEMAND**

Defendants hereby demand a jury trial in this case.

**ANSWER**

COME NOW defendants OAKLAND UNIFIED SCHOOL DISTRICT, BARHIN BHATT and PETER C. SARNA and in answer to plaintiffs' Complaint, respond as follows:

1

Answer to Complaint

1. As to the allegations of introductory Paragraph 1, on the evening of January 22, 2011, Sgt. BARHIN BHATT and Sgt. JONATHAN BELLUSA of the Oakland School Police Department were assigned to provide security for a Skyline High School dance at the Joaquin Miller Community Center. During a patrol of the outlying area, they came upon a car that was stopped on the side of the road with its emergency flashers on. When the officers exited their unmarked patrol vehicle, they immediately smelled the odor of burning marijuana. Sgt. BHATT approached the driver's side and contacted the driver; Sgt. BELLUSA was on the passenger side. Due to suspicious movements by the passenger, Sgt. BELLUSA opened the passenger door. The passenger, Raheim Brown, suddenly attempted to start the vehicle by trying to insert a screwdriver into the ignition, which had been punched. Sgt. BELLUSA reached into the vehicle to stop Brown from starting the car and to pull him out of it. Brown violently resisted and a struggle ensued. Brown began stabbing BELLUSA with the screwdriver. Sgt. BHATT, who was located on the driver's side of the vehicle, saw Brown attacking Sgt. BELLUSA as well as a gun located in the pocket of the door next to Brown. In defense of the life of Sgt. BELLUSA and in fear of his own life, Sgt. BHATT fired several shots at Brown, who died at the scene. Defendants contend that the officers' actions were lawful and proper under the circumstances. Sgt. BHATT was legally justified in firing his weapon in defense of himself and Sgt. BELLUSA. Defendants deny any wrongdoing, deny that any of decedent's or plaintiffs' civil rights were violated and deny plaintiff is entitled to any recovery or award of damages. Defendants contend that they are entitled to qualified immunity.

2. Answering the allegations of Paragraph 2, defendants admit that jurisdiction is proper in this court. Defendants deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

3. Answering the allegations of Paragraph 3, defendants admits that RAHEIM BROWN, JR., was an African American male. Defendants admits that Mr. BROWN was shot by Sgt. BARHIN BHATT and died thereafter. Defendants contend that the shooting was justifiable and the use of deadly force was reasonable and lawful under the circumstances. Defendants deny that decedent was shot by Sgt. JONATHAN BELLUSA. Defendants lack sufficient information to

admit that decedent was not married at the time of his death and died without leaving a will and therefore deny these allegations.

4. Answering the allegations of Paragraph 4, defendants lack sufficient information to admit the allegations of this paragraph and therefore deny them.

5. Answering the allegations of Paragraph 5, defendants lack sufficient information to admit the allegations of this paragraph and therefore deny them.

6. Answering the allegations of Paragraph 6, defendants admit that the CITY OF OAKLAND is a municipal entity duly organized and existing under the laws of the State of California. Defendants lack sufficient information to understand why the CITY OF OAKLAND is a named defendant in this case.

7. Answering the allegations of Paragraph 7, defendants admit that PETER C. SARNA was the Chief of Police for the Oakland School Police Department. Defendants deny any wrongdoing, deny any violation of plaintiffs' or decedent's civil rights and deny plaintiffs are entitled to recovery or award of damages.

8. Answering the allegations of Paragraph 8, defendants admit that BARHIN BHATT was and is a sergeant with the Oakland School Police Department. Defendants deny any wrongdoing, deny any violation of plaintiffs' or decedent's civil rights and deny plaintiffs are entitled to recovery or award of damages.

9. Answering the allegations of Paragraph 9, defendants admit that JONATHAN BELLUSA was and is a sergeant with the Oakland School Police Department. Defendants deny any wrongdoing, deny any violation of plaintiffs' or decedent's civil rights and deny plaintiffs are entitled to recovery or award of damages.

10. Answering the allegations of Paragraph 10, defendants lack sufficient information o admit whether plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, whether they are legally responsible and liable for the incident, injuries and damages or that DOE defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public

policy and false arrests. Defendants deny any wrongdoing, deny any violations of plaintiffs or decedent's civil rights and deny plaintiffs are entitled to any recovery or award of damages.

11. Answering the allegations of Paragraph 11, defendants admit that at the time of the incident, defendants were acting in the course and scope of their employment with OAKLAND UNIFIED SCHOOL DISTRICT. Defendants deny any wrongdoing, deny any violations of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

12. Answering the allegations of Paragraph 12, defendants admit that at the time of the incident, they were acting under color of authority and/or under color of law. Defendants deny any wrongdoing, deny any violations of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

13. Answering the allegations of Paragraph 13, defendants admit that they were employees of OAKLAND UNIFIED SCHOOL DISTRICT at the time of the incident. Defendants deny any wrongdoing, deny any violations of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

14. Answering the allegations of Paragraph 14, defendants admit that plaintiffs filed governmental claims with OAKLAND UNIFIED SCHOOL DISTRICT on or about June 7, 2011, which were rejected.

15. Answering the allegations of Paragraph 15, defendants deny that the Honda was a late model vehicle and further deny that its hazard lights were operating at the time of the incident. The officers were on patrol in the area of Skyline High School, to provide security.

16. Answering the allegations of Paragraph 16, defendants admit that RAHEIM BROWN, JR., was sitting in the front right passenger seat of the car and Timesha Stewart was sitting in the driver's seat and that Sgt. BHATT approached the driver's side and contacted the driver. Due to suspicious movements by the passenger, Sgt. BELLUSA opened the passenger door. The passenger, RAHEIM BROWN, JR., suddenly attempted to start the vehicle by trying to insert a screwdriver into the ignition, which had been punched. Sgt. BELLUSA reached into the vehicle to stop Mr. BROWN from starting the car and to pull him out of it. Mr. BROWN

violently resisted and a struggle ensued. Mr. BROWN began stabbing Sgt. BELLUSA with a screwdriver. Sgt. BHATT who was located on the driver's side of the vehicle, saw Mr. Brown attacking Sgt. BELLUSA as well as a gun located in the pocket of the door next to Mr. BROWN. In defense of the life of Sgt. BELLUSA and in fear of his own life, Sgt. BHATT fired several shots at Mr. BROWN. Defendants deny as vague and ambiguous allegations that Sgt. BELLUSA "crept" "immediately opened" and "roughly" grabbed decedent.

17. Answering the allegations of Paragraph 17, defendants admit that RAHEIM BROWN, JR., was sitting in the front right passenger seat of the car and Timesha Stewart was sitting in the driver's seat and that Sgt. BHATT approached the driver's side and contacted the driver. Due to suspicious movements by the passenger, Sgt. BELLUSA opened the passenger door. The passenger, RAHEIM BROWN, JR., suddenly attempted to start the vehicle by trying to insert a screwdriver into the ignition, which had been punched. Sgt. BELLUSA reached into the vehicle to stop Mr. BROWN from starting the car and to pull him out of it. Mr. BROWN violently resisted and a struggle ensued. Mr. BROWN began stabbing Sgt. BELLUSA with a screwdriver. Sgt. BHATT who was located on the driver's side of the vehicle, saw Mr. Brown attacking Sgt. BELLUSA as well as a gun located in the pocket of the door next to Mr. BROWN. In defense of the life of Sgt. BELLUSA and in fear of his own life, Sgt. BHATT fired several shots at Mr. BROWN. Defendants deny that Sgt. BHATT inexplicably and unjustifiably fired his weapon.

18. Answering the allegations of Paragraph 18, defendants lack sufficient information as to what treatment the paramedics administered at the scene or if Mr. BROWN was still alive at that time. Defendants admit that Mr. Brown died at the scene. Defendants do not know at what point Mr. Brown dropped the screwdriver he was using to stab Sgt. BELLUSA.

19. Answering the allegations of Paragraph 19, defendants deny they breached any duty of care to the public. Any information related to an internal investigation and/or any discipline imposed is privileged and confidential under feral and state law.

20. Answering the allegations of Paragraph 20, any internal investigation and/or discipline imposed is privileged and confidential under federal and state law. Defendants deny

5

Answer to Complaint

each and every allegation contained in this Paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

21. Answering the allegations of Paragraph 21, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

22. Answering the allegations of Paragraph 22, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

23. Answering the allegations of Paragraph 23, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

24. Answering the allegations of Paragraph 24, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

25. Answering the allegations of Paragraph 25, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

26. Answering the allegations of Paragraph 26, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

27. Answering the allegations of Paragraph 27, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

28. Answering the allegations of Paragraph 28, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

Answer to Complaint

29. Answering the allegations of Paragraph 29, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

30. Answering the allegations of Paragraph 30, defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 29.

31. Answering the allegations of Paragraph 31, defendants deny each and every allegation contained in this paragraph. Defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

32. Answering the allegations of Paragraph 32, defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 31.

33. Answering the allegations of Paragraph 33, decedent was provided reasonable and necessary medical attention at the scene. Defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

34. Answering the allegations of Paragraph 34, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

35. Answering the allegations of Paragraph 35, defendants incorporate by reference their answers to the allegations contained in Paragraph 1 through 34.

36. Answering the allegations of Paragraph 36, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

37. Answering the allegations of Paragraph 37, defendants deny each and every allegation contained in said paragraph, deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

38. Answering the allegations of Paragraph 38, defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 37.

Answer to Complaint

39. Answering the allegations of Paragraph 39, defendants deny each and every allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

40. Answering the allegations of Paragraph 40, defendants incorporate by reference their answers to the allegations contained in Paragraph 1 through 39.

41. Answering the allegations of Paragraph 41, defendants deny each and every allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

42. Answering the allegations of Paragraph 42, defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 41.

43. Answering the allegations of Paragraph 43, defendants lack sufficient information to admit said allegations and therefore deny them.

44. Answering the allegations of Paragraph 44, defendants lack sufficient information to admit said allegations and therefore deny them.

45. Answering the allegations of Paragraph 45, defendants deny each and every allegation contained in said paragraph. Defendants deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

46. Answering the allegations of Paragraph 46, defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 45.

47. Answering the allegations of Paragraph 47, defendants deny each and every allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

48. Answering the allegations of Paragraph 48, defendants deny each and every allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of

1  decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of
2  damages.

3      49.    Answering the allegations of Paragraph 49, defendants deny each and every
4  allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of
5  decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of
6  damages.

7      50.    Answering the allegations of Paragraph 50, defendants deny each and every
8  allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of
9  decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of
10 damages.

11     51.    Answering the allegations of Paragraph 51, defendants incorporate by reference
12 their answers to the allegations contained in Paragraphs 1 through 50.

13     52.    Answering the allegations of Paragraph 52, defendants deny each and every
14 allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of
15 decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of
16 damages.

17     53.    Answering the allegations of Paragraph 53, defendants incorporate by reference
18 their answers to the allegations contained in Paragraph 1 through 52.

19     54.    Answering the allegations of Paragraph 54, defendants deny each and every
20 allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of
21 decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of
22 damages.

23     55.    Answering the allegations of Paragraph 55, defendants deny each and every
24 allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of
25 decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of
26 damages.

27     56.    Answering the allegations of Paragraph 56, defendants deny each and every
28 allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of

Answer to Complaint

1 decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

57. Answering the allegations of Paragraph 57, defendants incorporate by reference their answers to the allegations contained in Paragraph 1 through 54.

58. Answering the allegations of Paragraph 58, defendants deny each and every allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

59. Answering the allegations of Paragraph 59, defendants deny each and every allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

60. Answering the allegations of Paragraph 60, defendants incorporate by reference their answers to the allegations contained in Paragraphs 1 through 57.

61. Answering the allegations of Paragraph 61, defendants deny each and every allegation contained in this paragraph. Defendants deny any wrongdoing, deny any violation of decedent's or plaintiffs' civil rights and deny plaintiffs are entitled to any recovery or award of damages.

62. As to plaintiffs' demand for a jury trial in Paragraph 62, defendants also demand a jury trial.

## AFFIRMATIVE DEFENSES

## QUALIFIED IMMUNITY

AS AND FOR A SEPARATE AFFIRMATIVE DEFENSE to the Complaint and the causes of action asserted therein, defendants allege that the individually named defendants, as public employees, are immune under the common law doctrine of qualified immunity.

AS AND FOR A FURTHER, SEPARATE AFFIRMATIVE DEFENSE to the Complaint and the causes of action asserted therein, defendants allege that they are immune from suit for damages under 42 U.S.C. Section 1983 under the Eleventh Amendment to the Constitution of the

1 United States.

### FAILURE TO STATE A CAUSE OF ACTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs' Complaint fails to state a cause of action against said defendants.

### STATUTE OF LIMITATIONS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs' causes of action are barred by California Code of Civil Procedure Section 335.1 and 340(c).

### THIRD PARTY NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that certain persons and entities not presently named in this action as plaintiffs or defendants were careless and negligent in and about the matters alleged in the Complaint and that the carelessness and negligence on the part of said persons and entities proximately contributed to the happening of the incident and to plaintiffs' injuries, and to plaintiffs' loss and damages complained of, if any there were.

### PLAINTIFF'S COMPARATIVE NEGLIGENCE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants deny any wrongdoing, negligence, or liability on their part. However, should it be determined that defendants are liable, then defendants further allege that plaintiffs/decedent also contributed to their own injuries and losses, if any there were, and by virtue of the decision in the case of Li v. Yellow Cab Company (1975) 13 Cal.3d 804, defendants ask that any judgment entered against them be proportionally reduced to the extent that plaintiffs'/decedent's own negligence proximately contributed to their own injuries, death and/or losses, if any there were.

### FAILURE TO MITIGATE

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs were bound to exercise reasonable care and diligence to avoid loss and to minimize damages, if any there were, and that the plaintiffs may not recover for losses which could have been prevented by reasonable efforts on their part or by expenditures that they

might reasonably have made.

## PRIVILEGED ACTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that the acts set forth in the Complaint are privileged.

## NO VIOLATION OF CONSTITUTIONAL RIGHTS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that decedent/plaintiffs were not deprived of any constitutional right, whether federal or state, at any time, as alleged herein.

## LAWFUL DETENTION

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, these defendants allege that the decedent was detained as the circumstances were such to indicate to a reasonable person in a like position that such a course of action was called for in the proper discharge of the officers' duties. The officers had a good faith suspicion warranting detention of the decedent for investigative reasons. The officers had a rational belief that the plaintiff was connected to criminal activity and that the detention of decedent was necessary for reasonable investigative procedures.

## SELF-DEFENSE/DEFENSE OF OTHERS

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, these defendants allege they acted in self-defense and in defense of the lives of others.

## GOVERNMENT CODE SECTION 820.2 and 815.2(b)

AS AND FOR A FURTHER SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that to the extent the acts complained of were within the discretion of public employees, defendants are immune from liability pursuant to the provisions of Government Code Sections 820.2 and 815.2(b).

## GOVERNMENT CODE SECTION 905

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs' action is barred to the extent that plaintiffs have failed to comply with Government Code Section 905.

Answer to Complaint

**GOVERNMENT CODE SECTION 900, ET SEQ.**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs' Complaint exceeds the scope of their claim, both in respect to theories of liability asserted and to injuries and damages claimed. It is therefore barred pursuant to Government Code Section 900, et seq.

**GOOD FAITH IMMUNITY**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that at all times relevant herein, defendants acted with a good faith belief that their actions were proper and lawful and did not violate clearly established law, and consequently, defendants are entitled to immunity.

**PUNITIVE DAMAGES**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants are immune from claims for punitive damages, pursuant to California Government Code Section 818, and under federal law.

**CALIFORNIA GOVERNMENT CODE IMMUNITIES**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that they are immune from suit herein under applicable California immunity statutes, including, but not limited to, California Government Code sections 815.2, 818, 818.2, 818.4, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8, and 822.2.

**WILLFUL CONTRIBUTORY NEGLIGENCE**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that plaintiffs/decedent were willfully careless and negligent in and about the matters alleged in the Complaint and that said willful carelessness and negligence on said plaintiffs/decedent's own part proximately contributed to the happening of the incident and to the injuries and to the loss and damages complained of, if any there were.

**BREACH OF DUTY**

AS AND FOR A FURTHER, SEPARATE, AFFIRMATIVE DEFENSE to the Complaint, defendants allege that they did not breach any duty owed to decedent or plaintiffs.

Answer to Complaint

**PRAYER**

WHEREFORE, defendants pray for relief as follows:

1. That plaintiffs take nothing by their action;

2. That plaintiffs' prayer for costs and attorney's fees be denied;

3. That plaintiffs be ordered to pay defendants' attorney's fees and costs incurred in the defense of this action; and,

4. For any such relief that justice requires and this Court deems proper.

DATED: January 4, 2012                    EDRINGTON, SCHIRMER & MURPHY LLP

*/s/ Peter P. Edrington*

Peter P. Edrington, Esq.
Attorneys for Defendants OAKLAND UNIFIED SCHOOL DISTRICT, BARHIN BHATT and PETER C. SARNA