Jeffrey R. Olson, # 120945
Kelley Moran, # 222748
McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354
Telephone: (209) 524-1100
Facsimile: (209) 524-1188

Attorneys for Defendant
Jonathan Bellusa

(SPACE BELOW FOR FILING STAMP ONLY)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LORIANNE DAVIS AND RAHEIM BROWN SR., individually and as personal representatives of the ESTATE OF RAHEIM BROWN JR.; ESTATE OF RAHEIM BROWN JR., and N.F.H. a minor, by and through her guardian ad litem FLORDELIZA HARRELL,

Plaintiffs,

v.

CITY OF OAKLAND, a municipal corporation; OAKLAND UNIFIED SCHOOL DISTRICT; PETER C. SARNA in his official capacity as CHIEF OF POLICE for OAKLAND UNIFIED SCHOOL DISTRICT; SERGEANT BARHIN BHATT individually and in his official capacity as a Police Officer for OAKLAND UNIFIED SCHOOL DISTRICT; SERGEANT JONATHAN BELLUSA individually and in his official capacity as a Police Officer for OAKLAND UNIFIED SCHOOL DISTRICT; DOES 1-50, inclusive; individually and in their official capacities as POLICE OFFICERS for OAKLAND UNIFIED SCHOOL DISTRICT,

Defendants.

Case No. C11-05675 EMC

**DEFENDANT JONATHAN BELLUSA'S ANSWER TO COMPLAINT**

**(JURY TRIAL DEMANDED)**

**JURY TRIAL DEMAND**

Defendant SERGEANT JONATHAN BELLUSA ("BELLUSA") hereby demands a jury trial in this case.

**ANSWER**

COMES NOW BELLUSA and in answer to Plaintiffs' Complaint as to the allegations asserted against him pursuant to *Fed. R. Civ. P. 8(b)*, responds as follows:

1. In answer to paragraph 1 of Plaintiffs' Complaint (this action C11-05675), this answering Defendant admits that on the night of January 22, 2011, on Joaquin Miller Road in the City of Oakland, County of Alameda, California, SERGEANT BARHIN BHATT ("BHATT"), fired his handgun at RAHEIM BROWN JR. ("Decedent"), that Decedent was struck by bullets fired from said handgun by BHATT and Decedent subsequently died, that during this time BELLUSA was a peace officer employed by the Oakland Unified School District, of which the Oakland School Police Department is a part, ("District") and was acting within the course and scope of his employment and under color of state law ("Incident"). Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

2. In answer to paragraph 2 of Plaintiffs' Complaint, this answering Defendant admits that the relief sought in Plaintiffs' Complaint is within the jurisdiction of this court and that the Incident occurred in the City of Oakland, County of Alameda, California. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

3. In answer to paragraph 3 of Plaintiffs' Complaint, this answering Defendant admits that Decedent was a male who appeared to be of African American decent, that on the night of January 22, 2011, on Joaquin Miller Road in the City of Oakland, County of Alameda, California, BHATT, that Decedent was struck by bullets fired from said handgun by BHATT and Decedent subsequently died, that during this time BELLUSA was a peace officer employed by the District and was acting within the course and scope of his employment and under color of state law. This answering Defendant is without specific knowledge or information to form a basis as to the truth of the following allegations, and on that basis denies said allegations: that Decedent

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354

was not married at the time of his death and died without leaving a will. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

4. In answer to paragraph 4 of Plaintiffs' Complaint, this answering Defendant is without specific knowledge or information to form a basis as to the truth of these allegations, and on that basis denies said allegations.

5. In answer to paragraph 5 of Plaintiffs' Complaint, this answering Defendant is without specific knowledge or information to form a basis as to the truth of these allegations, and on that basis denies said allegations.

6. In answer to paragraph 6 of Plaintiffs' Complaint, this answering Defendant is without specific knowledge or information to form a basis as to the truth of these allegations, and on that basis denies said allegations.

7. In answer to paragraph 7 of Plaintiffs' Complaint, these allegations are not asserted against this answering Defendant and therefore no response is required.

8. In answer to paragraph 8 of Plaintiffs' Complaint, these allegations are not asserted against this answering Defendant and therefore no response is required.

9. In answer to paragraph 9 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. This answering Defendant admits that on the day of the Incident BELLUSA held the position of Sergeant with the District's police department and still does, that during the Incident BELLUSA was a peace officer employed by the District and was acting within the course and scope of his employment. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

10. In answer to paragraph 10 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

11. In answer to paragraph 11 of Plaintiffs' Complaint, this answering Defendant admits that on the night of January 22, 2011, on Joaquin Miller Road in the City of Oakland, County of Alameda, California, BHATT, fired his handgun at Decedent, that Decedent was struck by bullets fired from said handgun by BHATT and Decedent subsequently died, that during this

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

time BELLUSA was a peace officer employed by the District and was acting within the course and scope of his employment and under color of state law. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

12. In answer to paragraph 12 of Plaintiffs' Complaint, this answering Defendant admits that on the night of January 22, 2011, on Joaquin Miller Road in the City of Oakland, County of Alameda, California, BHATT, fired his handgun at Decedent, that Decedent was struck by bullets fired from said handgun by BHATT and Decedent subsequently died, that during this time BELLUSA was a peace officer employed by the District and was acting within the course and scope of his employment and under color of state law. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

13. In answer to paragraph 13 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. This answering Defendant admits that on the night of January 22, 2011, on Joaquin Miller Road in the City of Oakland, County of Alameda, California, BHATT, fired his handgun at Decedent, that Decedent was struck by bullets fired from said handgun by BHATT and Decedent subsequently died, that during this time BELLUSA was a peace officer employed by the District and was acting within the course and scope of his employment and under color of state law. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

14. In answer to paragraph 14 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. This answering Defendant admits that Plaintiffs presented governmental claims to the District that are dated June 7, 2011 and that these claims were rejected by District letters dated June 10, 2011. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

15. In answer to paragraph 15 of Plaintiffs' Complaint, this answering Defendant denies any encounter occurring between Decedent, a female acquaintance of Decedent, BHATT and BELLUSA on January 22, 2010. Assuming the Plaintiffs are actually referring to an encounter occurring on January 22, 2011, this answering Defendant admits that shortly after 9:00 p.m. on January 22, 2011, BHATT was driving his police vehicle, with BELLUSA as a

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354

passenger, on patrol on Joaquin Miller Road near Crane Way in Oakland, California, when BHATT stopped said police vehicle behind a 1990 Honda Accord that was parked at the curb with its hazard lights activated; occupants were observed in said Honda, the person occupying the driver's seat of the Honda was later identified as Timesha Stewart ("Stewart") and the person occupying the right front passenger seat of the Honda was later identified as Decedent; said police vehicle's emergency lights were activated by BELLUSA shortly after the stop but after BELLUSA smelled the odor of marijuana coming from inside the Honda; the police vehicle's headlights were also illuminated on the Honda. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

16. In answer to paragraph 16 of Plaintiffs' Complaint, this answering Defendant denies any encounter occurring between Decedent, a female acquaintance of Decedent, BHATT and BELLUSA on January 22, 2010. Assuming the Plaintiffs are actually referring to an encounter occurring on January 22, 2011, this answering Defendant admits that Decedent occupied the right front passenger seat of the Honda and Stewart occupied the driver's seat of the Honda as BHATT approached the driver's (left) side of the Honda and BELLUSA approached the passenger (right) side of the Honda, that BHATT engaged Stewart in conversation, that BELLUSA opened the right front door and, as BELLUSA engaged the Decedent in conversation, Decedent reached over toward the center console and produced a screwdriver that he inserted in the punch-out ignition and instructed Stewart to drive. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

17. In answer to paragraph 17 of Plaintiffs' Complaint, this answering Defendant denies any encounter occurring between Decedent, a female acquaintance of Decedent, BHATT and BELLUSA on January 22, 2010. Assuming the Plaintiffs are actually referring to an encounter occurring on January 22, 2011, this answering Defendant admits that a physical struggle ensued between Decedent and BELLUSA, as BELLUSA attempted to gain control of Decedent, that Decedent stabbed BELLUSA in BELLUSA'S upper chest area before BHATT, from the driver's side window of the Honda, fired multiple shots from his handgun at Decedent, with at least some of those bullets striking Decedent in the upper part of his body. Except as so

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354

stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

18. In answer to paragraph 18 of Plaintiffs' Complaint, this answering Defendant denies any encounter occurring between Decedent, a female acquaintance of Decedent, BHATT and BELLUSA on January 22, 2010. Assuming the Plaintiffs are actually referring to an encounter occurring on January 22, 2011, this answering Defendant admits that Decedent was shot by bullets fired by BHATT from BHATT'S handgun and Decedent subsequently died. Except as so stated and limited, this answering Defendant is without specific knowledge or information to form a basis as to the truth of the remaining allegations, and on that basis denies said allegations.

19. In answer to paragraph 19 of Plaintiffs' Complaint, this answering Defendant denies any encounter occurring between Decedent, a female acquaintance of Decedent, BHATT and BELLUSA on January 22, 2010. Assuming the Plaintiffs are actually referring to an encounter occurring on January 22, 2011, this answering Defendant admits that he was not disciplined in connection with the Incident and that this answering Defendant did not commit any act or omission to warrant any discipline whatsoever. The remaining allegations are not asserted against this answering Defendant and therefore no response is required.

20. In answer to paragraph 20 of Plaintiffs' Complaint, this answering Defendant denies any encounter occurring between Decedent, a female acquaintance of Decedent, BHATT and BELLUSA on January 22, 2010. Assuming the Plaintiffs are actually referring to an encounter occurring on January 22, 2011, this answering Defendant admits that he was not disciplined in connection with the Incident and that this answering Defendant did not commit any act or omission to warrant any discipline whatsoever. As to the allegations asserted against BHATT and DOES 1-25 this answering Defendant is not required to respond to them in this answer. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

21. In answer to paragraph 21 of Plaintiffs' Complaint, as to allegations asserted against the Oakland Police Department, BHATT and DOES 1-25 this answering Defendant is not

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

required to respond to them in this answer. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

22. In answer to paragraph 22 of Plaintiffs' Complaint, as to allegations asserted against the District, BHATT and DOES 1-25 this answering Defendant is not required to respond to them in this answer. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

23. In answer to paragraph 23 of Plaintiffs' Complaint, as to allegations asserted against other members of the District this answering Defendant is not required to respond to them in this answer. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

24. In answer to paragraph 24 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

25. In answer to paragraph 25 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

26. In answer to paragraph 26 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

27. In answer to paragraph 27 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

28. In answer to paragraph 28 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

29. In answer to paragraph 29 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

30. In answer to paragraph 30 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

31. In answer to paragraph 31 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

32. In answer to paragraph 32 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

33. In answer to paragraph 33 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

34. In answer to paragraph 34 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

35. In answer to paragraph 35 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

36. In answer to paragraph 36 of Plaintiffs' Complaint, this answering Defendant is without specific knowledge or information to form a basis as to the truth of the following allegations, and on that basis denies said allegations: acts, as alleged, by BHATT and DOES 1-25, but denies any such acts by BELLUSA. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

37. In answer to paragraph 37 of Plaintiffs' Complaint, this answering Defendant is without specific knowledge or information to form a basis as to the truth of the following allegations, and on that basis denies said allegations: the wrongs, as alleged, by BHATT and DOES 1-25, but denies any such wrongs by BELLUSA. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

38. In answer to paragraph 38 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

39. In answer to paragraph 39 of Plaintiffs' Complaint, this answering Defendant

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354

denies each and every allegation contained therein.

40. In answer to paragraph 40 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

41. In answer to paragraph 41 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

42. In answer to paragraph 42 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

43. In answer to paragraph 43 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

44. In answer to paragraph 44 of Plaintiffs' Complaint, this answering Defendant is without specific knowledge or information to form a basis as to the truth of these allegations, and on that basis denies said allegations.

45. In answer to paragraph 45 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

46. In answer to paragraph 46 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

47. In answer to paragraph 47 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

48. In answer to paragraph 48 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

49. In answer to paragraph 49 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

50. In answer to paragraph 50 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

51. In answer to paragraph 51 of Plaintiffs' Complaint, this paragraph contains no



MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

allegations such that any admission or denial is required.

52. In answer to paragraph 52 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

53. In answer to paragraph 53 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

54. In answer to paragraph 54 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. This answering Defendant admits that Decedent appeared to be of African American decent when he was observed in the Honda on January 22, 2011. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein.

55. In answer to paragraph 55 of Plaintiffs' Complaint, to the extent it contains legal conclusions, no admission or denial is required. Except as so stated and limited, this answering Defendant denies each and every remaining allegation contained therein

56. In answer to paragraph 56 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

57. In answer to paragraph 57 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

58. In answer to paragraph 58 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

59. In answer to paragraph 59 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

60. In answer to paragraph 60 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

61. In answer to paragraph 61 of Plaintiffs' Complaint, this answering Defendant denies each and every allegation contained therein.

62. In answer to paragraph 62 of Plaintiffs' Complaint, this paragraph contains no allegations such that any admission or denial is required.

**AFFIRMATIVE DEFENSES**

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that, as a public employee, and based upon his good faith actions, he is immune under the common law doctrine of qualified immunity.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that he is immune from suit for damages under 42 U.S.C. Section 1983 under the Eleventh Amendment to the Constitution of the United States.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that at all times relevant herein, this answering Defendant acted with an objective good faith belief that his actions were proper and lawful and did not violate clearly established law, and consequently, this answering Defendant is entitled to immunity.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that his actions were justified, privileged and reasonable under the circumstances.

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges he acted in self-defense and in defense of the lives of others.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that the Decedent and Stewart were detained as the circumstances were such to indicate to a reasonable person in a like position that such a course of action was called for in the proper discharge of the official duties of this answering Defendant. This answering Defendant had a good faith suspicion warranting detention of the Decedent and Stewart for investigative reasons. This answering Defendant had a rational belief that the Decedent and Stewart were connected to criminal activity and that the detention of Decedent and Stewart was necessary for reasonable investigative procedures.

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that he did not breach any duty to the Decedent or Plaintiffs.

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that the Decedent acted willfully, wantonly and recklessly and said conduct proximately caused his own injuries and damages, if any were sustained.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that Decedent was not deprived of any constitutional or statutory right, whether federal or state, at any time, as alleged in the Complaint.

AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that Plaintiffs' cannot demonstrate through any acts or omissions of this answering Defendant that any deprivation of constitutional rights occurred as a result of any officially adopted policy, practice or custom of the Oakland Unified School District or any of its employees, and therefore, the Complaint and each cause of action cannot give raise to liability on the part of this answering Defendant.

AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant denies any wrongdoing, negligence, or liability on his part. However, should it be determined that this answering Defendant is liable, then this answering Defendant further alleges that Decedent also contributed to his own injuries, death, losses and damages, if any there were, and by virtue of the decision in the case of Li v. Yellow Cab Company (1975) 13 Ca1.3d 804 and subsequent cases, this answering Defendant will ask that any judgment entered against him be proportionally reduced to the extent of Decedent's own negligence that proximately contributed to his own injuries, death, losses and/or damages, if any there were.

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354

to the Complaint and each cause of action alleged therein, this answering Defendant alleges that certain persons and entities not presently named in this action as plaintiffs or defendants were careless and negligent in and about the matters alleged in the Complaint and that the carelessness and negligence on the part of said persons and entities proximately contributed to the happening of the Incident and to Plaintiffs' injuries, losses and damages complained of, if any there were.

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that Decedent and Plaintiffs are and were bound to exercise reasonable care and diligence to avoid loss and to minimize damages, if any there were, and that the Plaintiffs may not recover for losses which could have been prevented by reasonable efforts on their part or by expenditures that they might reasonably have made.

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that Plaintiffs' Complaint fails to state a cause of action against this answering Defendant.

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that he is immune from claims for punitive damages pursuant to state and federal law.

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that each of Plaintiffs' causes of action are barred by California Code of Civil Procedure Sections 335.1 and 340(c).

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that he is immune from liability pursuant to the provisions of California Government Code Section 820.2, in that any act or omission of this answering Defendant was the result of the exercise of discretion vested in him as a public employee.

AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354

alleges that each cause of action of the Complaint is barred to the extent that Plaintiffs have failed to comply with California Government Code Section 905.

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that Plaintiffs' have failed to timely present a claim to the Oakland Unified School District, this answering Defendant's employer, and, as a result, the Complaint and each cause of action is barred.

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that Plaintiffs' have failed to present to the Oakland Unified School District, this answering Defendant's employer, timely claims in connection with each theory of liability/recovery alleged in the Complaint and, in addition, the factual circumstances set forth in Plaintiffs' written claims do not correspond with the facts alleged in the Complaint and, as a result, the Complaint and each cause of action is barred pursuant to California Government Code Section 900, et seq.

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that he is immune from suit herein under applicable California immunity statutes, including, but not limited to, California Government Code sections 815.2, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.6, 821.8, and 822.2.

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE to the Complaint and each cause of action alleged therein, this answering Defendant alleges that the Complaint and each cause of action thereof is without merit, a sham, frivolous and filed in bad faith and without reasonable cause. Upon dismissal, the granting of summary judgment, granting of motion to dismiss, for a nonsuit, pursuant to California Code of Civil procedure section 1038, or the granting of any other dispositive motions, this answering Defendant shall seek reasonable defense costs including reasonable attorney's fees, expert witness fees, and the expense of the services of experts, advisors and consultants in defense of

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, CA 95354

this proceeding.

**PRAYER**

WHEREFORE, this answering Defendant prays for relief as follows:

1. That Plaintiffs take nothing by their action;

2. That Plaintiffs' prayer for costs and attorney's fees be denied;

3. That Plaintiff be ordered to pay this answering Defendant's attorney's fees and costs incurred in the defense of this action; and,

4. For any such relief that justice requires and this Court deems proper.

Dated: January 13, 2012

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: //s//Jeffrey R. Olson
Jeffrey R. Olson
Kelley Moran
Attorneys for Defendant
Jonathan Bellusa

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
CENTRE PLAZA OFFICE TOWER
1150 NINTH STREET, SUITE 1200
MODESTO, CA 95354